IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY CRAWFORD
    Reg. No. 17078-043

    Petitioner,
v.                                     Case No. 3:22cv17820/LAC/MAL

WARDEN MV JOSPEH,

    Respondent.
                                /

## REPORT AND RECOMMENDATION

In September of 2022, Petitioner Billy Crawford, a federal prisoner proceeding pro se, filed a habeas petition under 28 U.S.C. § 2241. Doc. 1. Petitioner purported to identify three grounds for relief, but each claim had at its essence the failure of the Bureau of Prisons ("BOP") to properly apply sentencing credit under the First Step Act ("FSA"). Petitioner's projected release date was August 1, 2026 at the time he filed his petition. Doc. 1-1 at 12.

The Court set Respondent's deadline to respond to the petition as February 7, 2023. Doc. 7. On January 25, 2023, the Court suspended that deadline after taking judicial notice that the BOP's Inmate Locator reflected Petitioner's projected release date had been changed to August 1, 2025. *See* https://www.bop.gov/inmateloc/

Thus, it appeared the credits Petitioner sought through the instant habeas petition had been awarded, and the petition was moot.

The Court entered an order directing Petitioner to show cause on or before February 8, 2023 why the petition should not be dismissed as moot. Doc. 12. He was warned that failure to respond to the Court's order would result in a recommendation that the petition be dismissed. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of his case, and it appears the habeas petition is moot, it should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

  2.  The clerk be directed to close the case file.

At Gainesville, Florida on February 14, 2023.

          s/ *Midori A. Lowry*
          Midori A. Lowry
          United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.